J-S20032-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KERVENSON PIERRE | : | |
| | : | |
| Appellant | : | No. 1404 WDA 2018 |

Appeal from the Judgment of Sentence Entered April 30, 2018
In the Court of Common Pleas of Venango County
Criminal Division at No(s):  CP-61-CR-0000676-2017,
CP-61-CR-0000818-2017

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.:                     FILED MAY 15, 2019

Appellant, Kervenson Pierre, appeals from the judgment of sentence entered in the Venango County Court of Common Pleas, following his guilty plea to attempted hindering apprehension or prosecution, resisting arrest, access device fraud, and simple assault.  Based on our Supreme Court's decision in Commonwealth v. Walker, ___ Pa. ___, 185 A.3d 969 (2018), we must quash the appeal.

The relevant facts and procedural history of this case are as follows.  On October 13, 2017, police stopped Appellant after observing him drive slowly by several locations where the police were searching for another individual. Police smelled the odor of marijuana emanating from Appellant's vehicle, and upon a search of the vehicle, discovered multiple out-of-state IDs and bank cards, and documentation linking Appellant to the suspect police originally

sought. When police placed Appellant into custody, they discovered on his person 3 bags of marijuana. The Commonwealth subsequently charged Appellant at Docket No. 676-2017 with two counts of possession of a small amount of marijuana and possession of an instrument of crime ("PIC"), and one count each of attempted hindering apprehension or prosecution, hindering apprehension or prosecution, resisting arrest, disorderly conduct, access device fraud, and driving while operating privilege is suspended/revoked. While in prison pending prosecution at Docket No. 676-2017, Appellant threatened physical assault of a corrections officer. The Commonwealth charged Appellant at Docket No. 818-2017 with one count each of aggravated assault, terroristic threats, and simple assault.

On March 19, 2018, Appellant entered a negotiated guilty plea at both docket numbers to attempted hindering apprehension or prosecution, resisting arrest, access device fraud, and simple assault; in exchange the Commonwealth agreed to the entry of nolle prosequi to the remaining charges. With the benefit of a pre-sentence investigation ("PSI") report, the court sentenced Appellant at both docket numbers on April 30, 2018, to an aggregate term of fifteen (15) to thirty (30) months' incarceration. On May 10, 2018, Appellant filed a post-sentence motion, which the court denied on August 23, 2018, following a hearing. Appellant filed a timely notice of appeal on Monday, September 24, 2018. The court ordered Appellant on September 28, 2018, to file a concise statement of errors complained of on appeal per

Pa.R.A.P. 1925(b); Appellant timely complied on October 18, 2018.

Preliminarily, on June 1, 2018, the Walker Court held that the common practice of filing a single notice of appeal from an order involving more than one docket would no longer be tolerated, because the practice violates Pa.R.A.P. 341, which requires the filing of "separate appeals from an order that resolves issues arising on more than one docket." Walker, supra at __, 185 A.3d at 977. The failure to file separate appeals under these circumstances "requires the appellate court to quash the appeal." Id. Instantly, Appellant filed a single notice of appeal from the judgments of sentence at two docket numbers. Appellant's single notice of appeal was filed on September 24, 2018, which postdates, and is therefore bound by the Walker decision and must be quashed.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2019